[Cite as *State v. Miller*, 2014-Ohio-4348.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Johnny Miller

    Appellant

Court of Appeals Nos. WD-13-054
WD-14-006

Trial Court Nos. 12 CR 515
11 CR 513

**DECISION AND JUDGMENT**

Decided: September 30, 2014

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a July 25, 2013 judgment of the Wood County Court of Common Pleas, which found appellant guilty of one count of forgery, in violation of R.C. 2913.31, a felony of the fifth degree, and guilty of a community control violation resulting from the forgery. Appellant was on community control stemming from a 2011 robbery conviction at the time of the forgery incident.

**{¶ 2}** Appellant was sentenced to a one-year term of incarceration for the forgery conviction, ordered to be served concurrently to a three-year term of incarceration imposed for the community control violation. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, Johnny Miller, sets forth the following three assignments of error:

FIRST ASSIGNMENT OF ERROR: APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE FREE EXERCISE AND ESTABLISHMENT CLAUSE OF THE UNITED STATES CONSTITUTION WERE INFRINGED UPON BY BEING FORCED TO ATTEND A RELIGIOUS BASED PROGRAM, ALCOHOLICS ANONYMOUS, WITHOUT A SECULAR ALTERNATIVE.

SECOND ASSIGNMENT OF ERROR: THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE UPON WHICH TO BASE A CONVICTION.

THIRD ASSIGNMENT OF ERROR: APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On December 5, 2011, appellant was found guilty of one count of robbery, in violation of R.C. 2911.02, a felony of the third degree. On February 27, 2012, appellant was sentenced to community control in lieu of a suspended five-year term of incarceration.

2.

{¶ 5} Of particular significance to the instant case, appellant was ordered to attend Alcoholics Anonymous ("AA") meetings as a condition of community control and to submit executed attendance forms to verify compliance with that condition of community control.

{¶ 6} For approximately the next six months, appellant appeared to be working on the requirements of community control. Notably, at no point during the process of appellant's indictment, conviction, placement on community control, and participation in community control did appellant ever convey concerns or objections of any kind in connection to the condition of AA meeting attendance.

{¶ 7} On August 8, 2012, appellant attended a meeting with his parole officer. During the meeting, appellant was requested to submit the requisite AA attendance verification forms. Appellant submitted documents to the parole officer that resembled AA attendance forms, but which appeared to the parole officer to possibly be of suspect origins.

{¶ 8} Based upon his assessment that the appellant's AA forms did not appear legitimate, appellant's parole officer questioned appellant about the documents. During this exchange, appellant conceded to his parole officer that he had utilized his personal computer to generate faux documents intended to replicate both AA attendance forms and stamps. Appellant ultimately confessed to creating the documents, creating the attendance stamp, and forging signatures while not actually attending the AA meetings. Notably, at the time the deception was discovered, appellant again conveyed no concerns

3.

or objection of any kind in connection to the community control condition of attendance of AA meetings.

{¶ 9} On September 20, 2012, appellant was indicted on one count of forgery in connection to his submission of counterfeit AA attendance documents and forgery of signatures on those forms. On May 22, 2013, following a bench trial, appellant was found guilty of forgery and of the related community control violation. Appellant was sentenced to a one-year term of incarceration on the forgery conviction, ordered to be served concurrently to a three-year term of incarceration for the community control violation. This appeal ensued.

{¶ 10} In the first assignment of error, appellant maintains that his first amendment rights have been infringed upon via the mandated attendance at AA meetings. In support, appellant states, "it is incontrovertible that Alcoholics Anonymous (AA) is fundamentally based on a religious concept of a higher power." The underlying premise of appellant's constitutional contention is that the AA attendance requirement constituted coerced participation in religion. We are not persuaded.

{¶ 11} We note at the outset that there is an abundance of case law at the federal level finding both that mandated AA participation is not a violation of First Amendment rights, with other cases finding that it was a violation of First Amendment rights. Significantly, relevant precedent on this issue consistently turns on case specific factors including both whether or not the party clearly and adequately conveyed religious-based concerns or objections to AA attendance, and in those cases in which the concern was

4.

properly raised, whether secular alternatives to AA were offered. *Inouye v. Kemna*, 504 F.3d 705 (9th Cir.2007); *Kerr v. Farrey*, 95 F.3d 472 (7th Circ.1996).

{¶ 12} The record reflects that appellant never conveyed any religious concerns or objections to AA attendance prior to the forgery and community control convictions underlying this case. More significantly, the record contains no evidence demonstrating that appellant was ever encouraged or coerced to join any religion or religious institution, was ever encouraged or coerced to attend any service or event of any religion or religious institution, or was ever encouraged or coerced to meet with any representative of any religion or religious institution. Put differently, the record is devoid of any evidence showing that appellant ever attended an AA meeting whose primary purpose was to advance religious beliefs rather than to promote sobriety and recovery from addiction and substance abuse.

{¶ 13} We further note that the record is devoid of any legal support for appellant's contention that the AA principle that AA attendees are not to reveal the identities of other AA attendees to the outside world is in any way compromised by requiring one on parole to verify his or her own attendance to his or her own parole officer.

{¶ 14} We have carefully reviewed and considered this matter. We find that the record reflects that appellant did not convey any concerns or objections to attendance of AA meetings, religious or otherwise, at any time relevant to this case. We find that the record reflects no evidence that appellant ever attended an AA meeting which constituted

5.

the advancement of religion rather than the advancement of sobriety and substance abuse recovery. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 15} In appellant's second assignment of error, he contends that his forgery conviction was not based upon sufficient evidence. In support, appellant unilaterally concludes that no evidence of a purpose to defraud was presented by appellee. Appellant appears to rely upon his recently voiced constitutional based objections to AA meetings as constituting an affirmative legal defense to manufacturing counterfeit AA meeting attendance documents and forging signatures upon them. We are not persuaded.

{¶ 16} It is well-established that in sufficiency of the evidence challenges, the court must determine whether evidence has been presented which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, when viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 17} The record in this case clearly reflects that appellant submitted documents that he created on his own computer for the purpose of falsely resembling legitimate AA attendance forms. The record in this case clearly reflects that appellant created a faux attendance stamp for the purpose of falsely resembling a legitimate AA attendance stamp. The record in this case reflects that appellant forged signatures upon the fake documents to falsely purport to have attended AA meetings that he did not attend.

6.

{¶ 18} Ohio's forgery statute, R.C. 2913.31, establishes that, "No person, with purpose to defraud, or knowing that the person is facilitating a fraud shall * * * forge any writing of another without the other person's authority." We find that the record in this matter clearly demonstrates that appellant forged the writings of others with the purpose of facilitating a fraud to his parole officer by falsely claiming compliance with a term of probation that appellant did not comply with. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 19} In appellant's third assignment of error, he similarly contends that his conviction was against the manifest weight of the evidence. It is well-established that in reviewing manifest weight of the evidence claims, this court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1978).

{¶ 20} We note that in support of the third assignment of error, appellant makes no new arguments. Appellant states, "Appellant incorporates by reference the arguments presented in the first two assignments of error." Given our adverse determinations in response to the first two assignments of error, we find appellant's third assignment of error not well-taken.

7.

**{¶ 21}** Wherefore, we find that substantial justice has been done in this matter.

The judgment of the Wood County Court of Common Pleas is hereby affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____

JUDGE

Stephen A. Yarbrough, P.J.

CONCUR.       _____

JUDGE

Arlene Singer, J.     _____

CONCURS AND WRITES       JUDGE

SEPARATELY.

**SINGER, J.**

**{¶ 22}** I concur with the judgment of the majority, however, without commenting on the appropriateness of a First Amendment challenge to mandatory Alcoholics Anonymous attendance. I find that the appellant here did not clearly or adequately object to AA attendance to properly raise a First Amendment issue.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.